## JOHNSON et al. v. COONS et al.

Circuit Court of Appeals, Fifth Circuit.
December 11, 1928.

No. 5242.

T. R. Boone, of Wichita Falls, Tex. (C. W. Johnson, Jr., of Graham, Tex., and John B. King and Bullington, Boone, Humphrey & King, all of Wichita Falls, Tex., on the brief), for plaintiffs in error.

G. B. Smedley, of Wichita Falls, Tex. (Fred Arnold, of Graham, Tex., and John C. Kay, J. W. Akin, and G. B. Smedley, all of Wichita Falls, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On July 1, 1925, appellants executed to appellees an oil and gas lease covering two separate tracts of land, one containing 19 acres, and the other containing 6 acres. On the same date the parties entered into a separate written contract, which recited the execution of the lease, stated that a consideration for the lease was that appellees were to immediately commence the drilling of a well for oil and gas on land, called the Scarborough land, adjoining the two tracts covered by the lease, said well on the Scarborough land to go down to a depth of 4,300 feet unless oil or gas is found in paying quantities at a lesser depth, and provided that if said well on the Scarborough land is a paying well, then and in that event appellees agree to commence actual drilling of a well on the two tracts of land described in the lease within 12 months from the date said well on the Scarborough land is completed as a paying producer. On October 4, 1927, appellants brought this suit against the appellees. The petition contained allegations to the following effect: Appellees seasonably began the drilling of the well on the Scarborough tract, and prosecuted the work to completion to a depth of 4,260 feet, encountering an oil stratum at 3,950 and another at 4,260; said well producing oil from both said strata and was a producing oil well in paying quantities on February 15, 1926. Appellees failed to begin the drilling of a well on the leased land within one year from February 15, 1926. On April 16, 1927, the parties executed an instrument, of which, omitting the date and signatures, the following is a copy: "In regard to the present offsets and development required on the 6-acre lease of the J. W. Terry Survey, Abst. 1544, and the 19-acre lease, C. W. Johnson, Sr., owned by estate C. W. Johnson and heretofore leased to Coons & Hotchkiss, it is agreed that C. & H. will immediately start work on the 19-acre lease and drill same in good workmanlike manner under the terms of the original contract. Also that C. & H. will commence actual drilling on the 6-acre lease aforementioned on or before August 1st, 1927, and drill same in the same good workmanlike manner."

The consideration moving to appellees for their agreement evidenced by the quoted instrument was the extension of time for their compliance with their obligation to begin a well on the leased land within one year from the date of the completion of the well on the Scarborough land. That agreement obligated appellees to begin a well immediately on the 19-acre tract and to begin a well on the 6-acre tract on or before August 1, 1927, and the implied understanding and agreement between the parties was that said wells should be drilled to a depth of 3,950 feet. Appellees failed to carry out the terms stated in the quoted instrument. The petition claimed damages for the alleged breach by the appellees of their obligations under the quoted instrument. By a supplemental pleading appellants alleged in effect that, after the completion of the well on the Scarborough land, appellees elected to decide that the well was a paying well, and by so electing estopped themselves to plead and prove that that well was not in fact a paying well.

The answer to the petition of appellants

put in issue its allegations, and set up that the above set out instrument was unsupported by any consideration. No evidence adduced supported findings that the well drilled on the Scarborough land was a paying well—that it had produced or ever could produce enough oil or gas to pay the cost of drilling it—that the above set out instrument was executed for a consideration alleged in the petition of appellants, that there was any valuable consideration moving to appellees for their promises contained in that instrument, or that appellees elected to decide that the well on the Scarborough land was a paying well, or that they did anything having the effect of estopping them to deny that that well was a paying one. Evidence adduced was to the effect that the quoted instrument was executed following requests or demands by appellants, with which appellees as lessees were willing to comply, that offset wells be drilled on the leased tracts after producing wells in the vicinity of those tracts had been completed at depths between 2,200 and 2,300 feet; that appellees drilled a well on the 19-acre tract as promised in that instrument, and would have commenced drilling a well on the 6-acre tract on or before August 1, 1927, if they had not by the action of appellants been prevented from so doing. At the conclusion of the evidence, the court sustained a motion of the appellees that a verdict in their favor be directed.

Under the contract between the parties, the obligation of appellees to drill a well on the leased land was dependent on the well drilled on the Scarborough land being a paying one. A result of the well on the Scarborough land not being a paying one was that that obligation was not incurred. An obligation to drill a well on each of the leased tracts was not incurred by the execution of the above set out instrument, because the promises of appellees expressed in that instrument were not supported by the consideration alleged, or any other valuable consideration moving to appellees. We think the court was warranted in concluding that the evidence adduced was not such as to support a finding that the promises of the appellees contained in the above set out instrument were not complied with except in so far as compliance therewith was prevented by conduct of the appellants. We conclude that under the evidence adduced the appellants were not entitled to recover, and that the above-mentioned ruling was not erroneous.

The judgment is affirmed.